Tabiaeerro, J.
The plaintiff proceeded by provisional seizure against the steamer “ Alabama Belle,” and by citation against her owners, to recover the sum of $571 12, which he alleges they owe him for timber and other materials furnished for the benefit of the boat. He claims a privilege upon the steamer, and prayed judgment for the amount, claimed, with interest at five per cent, per annum, from 23d May, 1866, and with privilege upon the boat. The captain of the steamer, with J. Levi, his surety, released the seizure by entering into bond. After answer filed, judgmeut was rendered in conformity with the prayer of the petition. The plaintiff afterwards took a rule on the surety on the release bond to show cause why judgment should not be rendered against him on the bond.
The surety filed an exception to the jurisdiction of the Court, on the ground that the original cause of action is one arising under admiralty and maritime jurisdiction and that the court of the first instance is without jurisdiction of the case. The exception was overruled, and the defendant appealed.
The grounds stated in the motion to dismiss the' appeal, we think insufficient.
*433 We think the exception was properly overruled. We consider it well settled that “ the admiralty jurisdiction in cases of contracts depends primarily upon the nature of the contract, and is limited to contracts, claims and services purely maritime, and touching rights and duties appertaining to commerce and navigation. ” 1 Concklin, M. L, 19.
The Supreme Court of the United States in the case of Roach et als. v. Chapman et als., 22 Howard Beports, say: “Acontract for building a' ship or supplying engines, timber or other materials for her construction is clearly not a maritime contract. Any former dicta or decisions which seemed to favor a contrary doctrine were overruled by this Court in the case of The People’s Ferry Company v. Beers, 20th Howard, 400.' In this case, closely in point with the one before us, the Supreme Court of the United States held, that the lien created by the State law could not be enforced in admiralty.
On the merits, the case, we think, is clearly with the' plaintiff.v His' claim is fully made out, and he had very properly judgment in his favbr.
This case is clearly distinguishable from that of Berwin v. Steamship Matanzas, 19 An 387. There, the contract was one of affreightment of merchandise from New York to New Orleans, plainly a maritime' contract.
It is therefore ordered, adjudged and decreed that the judgment of tho District Court be affirmed, with costs in both courts. ;. í.